OPINION of the court, by
Ch. J. Boyle.
This was a writ of error coram voids to reverse or quash an execution and replevin bond. The replevin bond was executed by three, and'the writ of error sued out in the names of two oí them only. At the trial, on motion of the defendants, the court below discharged the writ of error for want of proper parties, and the plaintiffs in error have brought the case before this court by an appeal.
It is a well settled rule of the common law, that a writ of error must be brought in the names of all the parties against whom the judgment is given ; and if it be brought in the names of part of them only, it may be quashed. The reasons upon which the rule is founded are — 1st, That the writ may agree with the record ; and 2d, If one alone should be permitted to bring a writ of error, every one might do the same, and such a practice, without conducing to the ends of justice, would tend to multiply suits and promote the purposes of chicanery and delay.
The judgment, therefore, of the circuit court, discharging or quashing the writ of error, considered with reference to the principles of the common law, is clearly correct. But it is contended on the part of the appellants, that the “ act concerning writs of error in certain cases,” passed the 24th of December 1802, has changed the law upon this subject. To maintain this position the second section of the act is relied on. That section provides that any person aggrieved by any such faulty replevin bond, &c. may sue out a writ of error coram vobis. But this provision, when properly understood, does not appear incompatible with the principles of the common law. Any one of several defendants may at common law bring a writ of error, but he must do it in the name of all, and if any one or more of them refuse to appear and assign errors, they must be summoned and severed, and then the writ of error may be proceeded in by the rest only — See Williams’s note to Jaques vs. Cesar, 2 Saund. p. 101 f, and the cases there cited. So under the act in question any one of several defendants may sue out a writ of error ; but : the act being silent with respect to the manner in which *393 '■i ill he done, it must be brought in the names of all <u - Mirt¡es, and for the same reason that a writ of error 1 . \ , , , , solist be so brougnt at common law, namely, that it may ag' i-e with the record, and multiplicity of suits be pre-ven fed.
The judgment to be affirmed with costs and damages upon the damages given by the circuit court.